*938 OPINION.
Phillips:
It is not disputed that all such assets as those with which we are here dealing have a limited life. Despite this fact no provision was made on the petitioner’s books to depreciate the cost or to provide a reserve which would permit the recovery of the cost thereof out of the annual profits, except as the cost of replacements of broken parts of machines and of tools, dies, etc., was charged to expense. Whether the amounts so charged off were sufficient to provide for depreciation upon all the assets we do not know, for petitioner owned a factory building, a cottage, office and store fixtures and other assets, the cost and life of which are not shown. In such circumstances we must approve the action of the Commissioner in setting up a reserve out of earnings to provide for the exhaustion of such assets.
Petitioner contends that the rate of depreciation allowed by the Commissioner during the taxable years involved is inadequate. Counsel for the respondent concedes that it is low but not that it is inadequate. We have no evidence upon which to base a rate other than that used and therefore do not disturb respondent’s determination. We are of the opinion, however, that the amounts expended *939 for replacements are properly to be restored to petitioner’s machinery and tools account for purposes of computing both invested capital and depreciation during the taxable years.
In arriving at the cost of such replacements we have not included the charges for overhead which petitioner claims is properly to be attributed thereto. The items of overhead claimed, such as nonproductive labor and taxes, are normally deducted in computing net income, except as they may go into an inventory. From its system of accounting it is reasonable to assume that such expenses have been deducted in computing taxable income of the petitioner not only in the years involved but in all years since taxes have been based upon its income. At best, the allocation of overhead expenses between various operations is unsatisfactory, and where it appears that the consistent practice has been to charge off such expenses as incurred we are not inclined to change the accounts in order to capitalize them.

Decision toill be entered wnder Rule 50.